# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| **MICHAEL BIBBY,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 1:10CV00171 SNLJ |
| **CHAD BELL, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

Plaintiff, a Missouri inmate, brings this 42 U.S.C. § 1983 suit against defendants Chad Bess and Dwayne Kempker. Defendants moved to dismiss on January 18, 2011 (#16), and responsive pleadings have been filed. This matter is now ripe for disposition.

**I.    Background**

Plaintiff alleges that on May 9, 2010, he was being escorted at the Farmington Correctional Center by defendant correctional officer Chad Bess and an unknown officer. Plaintiff's hands were cuffed behind his back, and an officer stood to either side of him, each holding one of plaintiff's arms. During the escort, plaintiff yelled profanity at defendant Bess. Plaintiff states that he was then thrown to the ground, and when supporting officers arrived at the scene, defendant Bess told them that plaintiff had head-butted him. Plaintiff alleges that officers then lifted plaintiff up and pushed him to the ground again, causing plaintiff to receive a cut and scrapes. Officers then completed the transport by transporting plaintiff on a golf cart.

Plaintiff denies that he head-butted defendant Bess. However, plaintiff was charged with an institutional conduct violation for assaulting Bess. Plaintiff received a disciplinary hearing

and was found guilty. Plaintiff alleges that he "was given another year in prison due to [his] violation."

Plaintiff appealed the matter to defendant Deputy Division Director Kempker, who denied plaintiff's appeals several times. Plaintiff alleges that Kempker denied his appeal without reviewing all the evidence, including video surveillance footage that plaintiff believes would have supported that he did not head-butt Bess.

Plaintiff filed this Section 1983 suit requesting money damages, and, among other things, that the conduct violation be stricken from his record.

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). . "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

## III. Discussion

The Court has construed plaintiff's claim as an excessive force claim against defendant Bess and a failure-to-review claim against defendant Kempker. (*See* Doc. #5.) Regardless of what those claims are, though, they both stem from the incident which resulted in a conduct violation and the alleged imposition of an additional year of incarceration for plaintiff. Plaintiff argues that he did not head-butt defendant Bess, and he requests that the conduct violation be stricken, in addition to money damages for the alleged constitutional violation and the extra time spent in prison. Defendants' primary argument for dismissal is that plaintiff's claims are not cognizable under Section 1983 pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff's claim is barred by *Heck* and its progeny. In *Heck*, the Supreme Court held that if a judgment favorable to a prisoner in a Section 1983 action would imply the invalidity of the prisoner's conviction or the length of that prisoner's sentence, then the Section 1983 action does not arise until the sentence has been reversed — whether by direct appeal, a federal habeas writ, executive order, or declaration by some state tribunal. 512 U.S. at 486-87; *see also Sheldon v. Hundley*, 83 F.2d 231, 233 (1996).

In *Sheldon*, the Eight Circuit addressed a case analogous to this one. There, the plaintiff inmate alleged that he lost sixteen days of good conduct time as punishment for making an unkind comment about the warden of his prison. The Court stated,

> [Plaintiff] essentially asserts he had a First Amendment right to communicate the remark about the warden, and thus, any discipline for the remark is unconstitutional. If Sheldon is correct about the First Amendment, the result of the disciplinary proceeding is wrong and his punishment for the rule violation --- both the loss of good-time credits and the disciplinary detention --- is improper. Sheldon's good time credits should be restored and his prison sentence would

3

> be shortened as a result. *Prieser v. Rodriguez*, 411 U.S. 475, 487-88, 93 S.Ct. 1827, 1835-36, 36 L.Ed.2d 439 (1973). Thus, Sheldon cannot bring any § 1983 claims that challenge the disciplinary result before the state or a federal habeas court invalidates the disciplinary ruling.

83 F.3d 233. Here, plaintiff alleges his sentence was lengthened by one year as punishment for head-butting defendant Bess. He claims that he did not head-butt defendant Bess, that the force used by defendant Bess and the result of the disciplinary proceeding are therefore wrong, and the punishment which included the addition of a year to his sentence is unconstitutional. If plaintiff is correct that he did not head-butt defendant Bess, then the result of his disciplinary proceeding is wrong, and his punishment is improper. His prison sentence would be shortened as a result. Thus, as in *Sheldon*, and taking all of plaintiff's allegations as true, plaintiff cannot bring any Section 1983 claims that challenge the disciplinary result before the state or a federal habeas court invalidates the disciplinary ruling. Plaintiff's claim for money damages does not disturb this result because, under *Heck*, the Court disregards the form of relief sought and instead looks to the essence of plaintiff's claims. *Id.* at 233 (citing *Heck*, 512 U.S. at 487).

As a result, plaintiff's complaint will be dismissed without prejudice. *Id.* at 234 (holding that federal courts should no longer stay prematurely filed Section 1983 lawsuits, but should dismiss them without prejudice instead).

## IV. Conclusion

Plaintiff's claim is barred under *Heck*, 512 U.S. at 486-87, and is dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' Motion to Dismiss, filed January 18, 2011 (#17), is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's second Motion to Appoint Counsel, filed February 18, 2011 (#19), is **DENIED** as moot.

**IT IS FINALLY ORDERED** that judgment is hereby entered in favor of the defendants.

Dated this 8th day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE